IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK RIVERA, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 09-1604
)
PENNSYLVANIA DEPARTMENT OF ) Judge McVerry
CORRECTIONS, *et al.*, ) Magistrate Judge Bissoon
)
    Defendants. )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that the complaint (Doc. 6) of Plaintiff Frank Rivera ("Plaintiff") be dismissed *sua sponte* for failing to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Plaintiff presently is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), located in Waynesburg, Pennsylvania. This lawsuit, which is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, commenced with the receipt of the complaint by this Court on December 7, 2009. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on December 17, 2009. (Doc. 5). In his complaint, Plaintiff alleges that he was denied necessary medication at various periods of time between October 17, 2007, and March 20, 2008. Plaintiff also alleges that his attempts to file grievances concerning the denial of medical treatment were hampered by Defendants. The following is a summary of Plaintiff's allegations of facts that are germane to his claims.

1

A. Plaintiff's Factual Allegations

Plaintiff alleges that, on October 17 and 18, 2007, various Defendants denied him doses of Bentyl, a medication for which he avers he had a valid prescription. Compl. (Doc. 6), at 9. Plaintiff complained about the missed doses, but to no avail. Id. at 10. In response to this, on October 23, 2007, Plaintiff filed grievance 204918 regarding the issue.[1] Id.; Compl, Ex.1 (Doc. 6-1), at 4-5. This grievance was denied on its merits on November 5, 2007. (Doc. 6), at 11; (Doc. 6-1), at 6. Plaintiff filed a first level appeal, but the initial decision was affirmed. (Doc. 6), at 11; (Doc. 6-1), at 7-12. Plaintiff then filed a second level appeal on November 16, 2007, which was denied on December 3, 2007, because Plaintiff's filing failed to conform to the Department of Corrections' ("DOC") requirement that inmate grievance appeals not exceed two pages in length. (Doc. 6), at 11; (Doc. 6-1), at 17.

Plaintiff further alleges that he was denied medication by various Defendants during a second period of time, spanning from November 29, 2007, until at least December 12, 2007. (Doc. 6), at 12-14. After making repeated complaints to prison staff, and meeting with little or no success, Plaintiff filed grievance 211067. (Doc. 6), at 15; (Doc. 6-1), at 19-23. This grievance was denied during its initial review because it exceeded two pages in length, in violation of DOC policy, and because it raised matter that had been addressed in grievance 204918. (Doc. 6), at 15; (Doc 6-1), at 26. Plaintiff filed first and second level appeals of the denial, but the initial disposition of the grievance was affirmed at both levels because Plaintiff had exceeded, at the initial grievance level, the two-page limit set by the DOC. See (Doc. 6-1), at 30, 32.

---

[1] Plaintiff submitted to this Court all grievances, appeals, and responses thereto, that are mentioned in this Report as an exhibit to his complaint. Additionally, Plaintiff explicitly cites to these documents repeatedly in the body of the complaint.

Plaintiff alleges that he was again denied proper medical care on January 2, 2008, when various Defendants deliberately denied him a prescribed selenium topical application in retaliation for the past filing of grievances. (Doc. 6), at 15. Additionally, Plaintiff claims that, on the same date, various Defendants gave him a dose of Benadryl that was lower than the prescribed amount. Id. at 16. Plaintiff avers that, at this point, he complained about the denial of the topical application and the incorrect dose of Benadryl, but to no avail. Id. at 16-17. Plaintiff filed grievance 214263 with respect to these occurrences. Id. at 17; (Doc. 6-1), at 34-35. This grievance was denied on the merits. (Doc. 6), at 17-18; (Doc. 6-1), at 36. Plaintiff appealed, but was denied at both the initial review and final appeal stages because his first level appeal exceeded the DOC's two-page limit. (Doc. 6), at 18; (Doc. 6-1), at 43-44.

Finally, Plaintiff states that, on March 2, 2008, while he was out of his cell during the hour-long period of exercise that he was allowed on weekdays, various Defendants made medical distribution rounds and did not leave Plaintiff's medication in his cell.[2] (Doc. 6), at 18. Plaintiff alleges that this omission was intentional, and was made in retaliation for Plaintiff's past filing of grievances. Id. In response to this, Plaintiff filed grievance 222625. Id. at 18-19; (Doc. 6-1), at 45. This grievance was initially denied on the merits. (Doc. 6), at 19; (Doc. 6-1), at 47. Plaintiff appealed this denial. His first level appeal affirmed the initial decision on the merits. (Doc. 6), at 19-20; (Doc. 6-1) at 51. Plaintiff's second level appeal was rejected because Plaintiff failed to adhere to the DOC's two-page limit for that filing. (Doc. 6), at 19-20; (Doc. 6-1), at 55.

---

[2] Plaintiff avers that, at the time he filed the complaint, he had been in administrative custody or disciplinary custody for almost four years, and was confined to his cell for 23 hours a day on weekdays, and 24 hours a day on weekends. Compl. (Doc. 6), at 18.

B.  Standard of Review

Because Plaintiff proceeds IFP, it is necessary for this Court, pursuant to 28 U.S.C. § 1915, to examine, *sua sponte*, Plaintiff's claims for legal sufficiency.  Specifically, § 1915 (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP, and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law.  Stackhouse v. Crocker, 266 Fed.Appx. 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D.Pa. Feb. 26, 2009).

When adjudicating a 12(b)(6) motion, a court must accept as true all allegations of the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the Plaintiff.  See Angelastro v. Prudential-Bache Sec, Inc., 764 F.2d 939, 944 (3d Cir. 1985). However, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).  Nor must a court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).   Furthermore, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."

Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Additionally, this Court must dismiss a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This is not to say that the Supreme Court requires "heightened fact pleading of specifics . . . ." Id. at 570. However, "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. The Court has made it clear that the requirement that pleadings must be facially plausible, as expressed in Twombley, applies to all civil suits in the federal courts. See Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949-50 (2009).

When ruling on a 12(b)(6) motion, a court may take into consideration information in addition to the complaint, such as "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote

Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

C. Failure to Exhaust

The factual allegations made in the complaint indicate that Plaintiff failed to exhaust administrative remedies with respect to his claims. Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion requirement requires the following:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Before filing a civil action, a prisoner-plaintiff must exhaust his administrative remedies. Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731 (2001). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill, 372 F.3d at 228-29. While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." Id. at 228-29; Nyhuis, 204 F.3d at 77-78.

The DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance is submitted to the Facility Grievance Coordinator; (2) an intermediate level of appeal lies to the Facility Manager; and (3) a final appeal must be sent to the Secretary's Office of Inmate Grievances and Appeals. DC-ADM 804 § VI. See also Booth, supra, 206 F.3d at 293 n.2 (outlining the grievance review process). In this case, Plaintiff has attached to his complaint the grievances that he filed concerning the instances when he was allegedly denied medication, as well as the administrative responses and his attempts to appeal. Plaintiff also has referenced and cited to these documents in his pleadings.

Plaintiff states in his complaint that his grievances were rejected because he failed to comply with the DOC requirement that his description of facts not exceed two pages – either at the initial review or during the appeal process. Because of Plaintiff's failure to conform to the DOC's administrative procedure, none of the claims that he has raised in this lawsuit have been fully addressed on their merits during the administrative appeal process.

As noted above, the failure to comply with a prison's procedural rules for filing administrative appeals results in a procedural default barring claims in federal court. Spruill, supra. The United States Court of Appeals for the Third Circuit has not spelled out in detail what constitutes "substantial compliance" with the administrative procedures process sufficient to warrant a finding that proper exhaustion has occurred in the prison context. However, in Keys v. Craig, 160 Fed.Appx. 125 (3d Cir. 2005), the court found that a prisoner whose administrative appeal was not acted upon because he failed to attach the required documentation had not "substantially complied" with the grievance procedures when he filed the documents late and with the wrong party. Notably, that court stated that "[the Plaintiff's] failure **to even**

**attempt compliance** with the grievance procedures cannot be sufficiently substantial to act as an excuse." Keys, 160 Fed.Appx. at 126 (emphasis added). In Nickens v. Department of Corrections, 277 Fed.Appx. 148 (3d Cir. 2008), the Court of Appeals for the Third Circuit held that substantial compliance had not occurred where an appeal was not properly labeled as an appeal, and where it also was untimely.

District courts have held that "misfiling a grievance without ever following up or inquiring as to its status cannot be considered 'substantial [compliance].'" Naranjo v. Brooks, 2009 WL 792335, at *4 n.8 (E.D.Pa. Mar. 25, 2009). In a case that most closely resembles the factual scenario here, Lee v. Lindsey, 2009 WL 1076390 (M.D.Pa. April 21, 2009), the prisoner was found not to have substantially complied with the United States Bureau of Prisons' administrative procedure where he failed to file a grievance on the proper form, was told of this defect, and failed to timely submit an amended grievance. The result should be the same here.

Rather than attempt to comply with DOC grievance page-limit regulations, the complaint, along with the supporting documents submitted along with it, indicates that Plaintiff attempted, in some cases, to challenge the page limitation itself. In other cases, he ignored it altogether, despite his clear knowledge of the requirement. In light of Lee and Naranjo, there is little doubt that Plaintiff's failure to even attempt to comply with the page limitation is a sufficient basis for determining that Plaintiff failed to "substantially comply" with the DOC's administrative appeals process. Furthermore, a page limitation is as legitimate a requirement, as is the proper place to file a grievance (Naranjo) or the proper form to use in filing an appeal (Lee). Indeed, courts routinely limit pleadings to concise statements of only relevant facts and often have page limitations. A review of the grievances in this case also makes clear that Plaintiff could have complied with the two-page limitation, but he knowingly (and repeatedly) refused to do so. This

Court will not find substantial compliance where no attempt has been made to comply with the relevant requirement.[3]

D. DC-ADM 001

Finally, Plaintiff makes general allegations, presumably with respect to Defendant Beard, that the DOC's policy regarding the monitoring of prisoner abuse impedes Plaintiff's ability to "complain[] against abuses of: a) 'conditions of confinement [*sic*]; b) claims of inadequate medical or intentionally denied medical care; and/or c) harassment or non-performance of duty

---

[3] As stated above, under the Rule 12(b)(6) standard, which is applicable in a § 1915(e) analysis, a court must examine a plaintiff's factual assertions and determine whether they, if taken as true, would entitle a plaintiff to relief. Jones v. Bock, 549 U.S. 199, 215 (2007). In the case *sub judice*, Plaintiff clearly documents, both in the body of his complaint and in the exhibits that he submitted it, not only that he failed to exhaust the available administrative remedies by repeatedly refusing to adhere to applicable procedural requirements, but also that he made no attempt to conform to those requirements.

Additionally, the applicable DOC regulations establish a fifteen day period in which to file grievances. DC-ADM 804 § VI. Given Plaintiff's factual assertions regarding the dates on which the acts or omissions giving rise to this suit occurred, it is clear from the face of the complaint that Plaintiff was well outside of the window during which he could have cured his procedural default on the date that he first submitted his complaint to this Court. As such, any attempted amendment of the claims raised in this lawsuit would be futile, and the dismissal should be with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

by staff member." (Doc. 6), at 6, 21. However, to the contrary, Plaintiff's complaint and the exhibits thereto indicate that Plaintiff has had ample opportunity to express his concerns to prison staff via the administrative grievance process. Additionally, even if DC-ADM 001 were implemented in such a way as to deny inmates access to the grievance system, it would not be actionable under § 1983, as it is well established that an administrative grievance process creates no constitutional right in and of itself. Burnside v. Moser, 138 Fed.Appx. 414, 516 (3d Cir. 2005). As such, any claim Plaintiff makes arising from DC-ADM 001 should be dismissed, *sua sponte*, for failing to state a claim for which relief may be granted.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's complaint (Doc. 6) be dismissed *sua sponte* for failing to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by October 27, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

October 13, 2010                      s/Cathy Bissoon
                                                   CATHY BISSOON
                                                   UNITED STATES MAGISTRATE JUDGE

**Cc:**
FRANK RIVERA
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370