# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1604 |
| ) | |
| PENNSYLVANIA DEPARTMENT OF ) | Judge McVerry |
| CORRECTIONS, *et al.*, ) | Magistrate Judge Bissoon |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff presently is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), located in Waynesburg, Pennsylvania. This lawsuit, which is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, commenced with the receipt of the Complaint by this Court on December 7, 2009. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on December 17, 2009. (Doc. 5). In his Complaint, Plaintiff alleges that he was denied necessary medication at various periods of time between October 17, 2007, and March 20, 2008. Plaintiff also alleges that his attempts to file grievances concerning the denial of medical treatment were hampered by Defendants. This case was referred to Magistrate Judge Cathy Bissoon for pre-trial proceedings, in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On October 13, 2010, Magistrate Judge Bissoon recommended the *sua sponte* dismissal of all of Plaintiff's claims, with respect to all Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. (Doc. 25). The Magistrate Judge opined that, from the face of the Complaint (Doc. 6), along with the documents submitted by Plaintiff in support thereof (Docs. 6-1 and 6-2), it was apparent that

1

Plaintiff had not exhausted the administrative remedies available to him, and thus was barred from relief under the Prisoner Litigation Reform Act. See 42 U.S.C. § 1997e(a). Plaintiff was given until October 27, 2010, to file objections. Objections were filed on October 22, 2010. (Doc. 26).

Plaintiff argues in his Objections that the Magistrate Judge erred as a matter of law in dismissing his Complaint pre-service because such a dismissal imposed the impermissible requirement that Plaintiff plead exhaustion of his claims. (Doc. 26), at 13-16.

As a general matter, the fact that a prisoner-plaintiff has failed to exhaust available administrative remedies is an affirmative defense that must be pleaded and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). As such, it would be improper for a court to dismiss a case, *sua sponte* under § 1915(e), merely because a prisoner-plaintiff has failed to plead adequately that he or she has fulfilled the requirement of § 1997e to exhaust available administrative remedies. Id. However, this does not mean that dismissal for failure to exhaust must always be raised by a defendant. Indeed, the Supreme Court has explicitly stated that such a dismissal may be proper under the right circumstances.[1]

As the Magistrate Judge correctly noted, under the Rule 12(b)(6) standard, which is applicable in a § 1915(e) analysis, a court must examine a plaintiff's factual assertions and

---

[1] In the context of dismissing a prisoner-plaintiff's complaint pre-service for failing to exhaust administrative remedies, the Court stated "[a]s noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim. Jones v. Bock, 549 U.S. 199, 216 (2007). This Court takes note of the fact that Plaintiff included in his Objections only a fragment of this sentence: " 'that failure to exhaust cannot be a basis for dismissal for failure to state a claim.' " See Pl.'s Objections (Doc. 26), at 13. Plaintiff is cautioned that this deliberate attempt to mislead this Court exposes him to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to *pro se* litigants as well as to attorneys. Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D.Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D.Del. Dec 12, 2003)).

determine whether they, if taken as true, would entitle a plaintiff to relief. Jones v. Bock, 549 U.S. 199, 215 (2007). At this stage of litigation, a complaint is subject to dismissal when the facts, viewed under this standard, demonstrate that a plaintiff is not entitled to relief. Id. Thus, in cases where it is clear from the factual assertions made in the complaint that a prisoner-plaintiff has failed to exhaust administratively the claims that he raises in a lawsuit, and consequently is barred from relief under § 1997e, a court may dismiss those claims *sua sponte*.

In the case *sub judice*, it is clear that the Magistrate Judge imposed no requirements in her Report for Plaintiff to plead exhaustion affirmatively. Instead, Plaintiff himself clearly documents, both in the body of his Complaint and in the exhibits that he submitted in support thereof, not only that he failed to exhaust the available administrative remedies by repeatedly refusing to adhere to applicable procedural requirements, but also that he made no attempt to conform to those requirements. Given that fact, it is apparent that Plaintiff's Objections are without merit.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and Plaintiff's Objections thereto, the following ORDER is entered:

AND NOW, this 26th day of October, 2010,

IT IS HEREBY ORDERED that Plaintiff's Complaint (Doc. 6) is DISMISSED with respect to all claims against all Defendants.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Bissoon (Doc. 9), as it is supplemented by this Memorandum Order, is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED that the Clerk is directed to mark this case CLOSED.

    s/ Terrence F. McVerry
UNITED STATES DISTRICT JUDGE

**Cc:**
FRANK RIVERA
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record